# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAQUON YOUNGBLOOD,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CPT. MARWITZ, LT. HANNI, LT. ROGERS, B. SIEDSCHLAG, LT. CRUZ, J. SPORS, J. DAY, RUTH LENTSCHER, CANDI WHITMAN, and J. LUDWIG,<br><br>　　　　　　　　Defendants. | Case No. 19-CV-1379-JPS<br><br>**ORDER** |

　　　　Plaintiff Daquon Youngblood, who is incarcerated at Fox Lake Correctional Institution ("FLCI"), proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's motion to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #4). Plaintiff has been assessed and has paid an initial partial filing fee of $18.28. 28 U.S.C. § 1915(b).

　　　　The Court proceeds to screen the complaint, as it is required to do with complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell*, 352 F.3d at 1109–10 (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

At all times relevant to this case, Plaintiff was an inmate at FLCI, and Defendants were various correctional, healthcare, and social services personnel employed at FLCI. (Docket #1 at 1–2). Plaintiff was transferred to FLCI in December 2017. *Id.* at 2. Plaintiff alleges that he suffered a back injury in August 2016, but does not describe the injury in any detail, other than to say that he "broke" his back. *Id.* at 3. He claims that the injury makes it difficult to get in and out of a top bunk, and that he had a back brace amongst his property when he was transferred. *Id.*

When he arrived at FLCI, Plaintiff told a staff member that he had a lower bunk restriction. *Id.* at 2. The staff member responded that the

restriction was expired before Plaintiff came to FLCI. *Id.* Plaintiff was told that he should pursue a new lower bunk restriction if he wanted one. *Id.* He submitted a health services request, which was referred to the special needs committee. *Id.* at 2–3. In February 2018, the committee denied Plaintiff's request for a lower bunk restriction, stating that he did not meet the criteria for it. *Id.* at 3. He was further informed that he could seek additional treatment for his back issues if he so desired. *Id.*

Plaintiff apparently did so, at least sporadically. In October 2018, Plaintiff entered physical therapy for his back pain. *Id.* He told the therapist that he had substantial difficulty getting in and out of the top bunk. *Id.* at 4. In July 2019, Plaintiff wrote another health services request seeking a lower bunk restriction. *Id.* That request was likewise referred to the special needs committee. *Id.*

On August 3, 2019, Plaintiff fell from the top bunk in the middle of the night. *Id.* He lost consciousness and was taken to the hospital. *Id.* Doctors did not detect any broken bones, but told Plaintiff that he may have aggravated his old back injuries. *Id.* at 5. When he returned to FLCI, Plaintiff was confined to his room for a few days to recover. *Id.* He was also removed from his work assignment. *Id.* Plaintiff was also finally assigned to a lower bunk. *Id.* at 6.

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. Specifically, he contends that they knew of his complaints of pain, difficulty getting in and out of bed, and his medical history, and yet still did not approve his lower bunk restriction. *Id.* at 6.

The Eighth Amendment provides, *inter alia*, that prisoners are entitled to a minimal level of healthcare while in custody. *Petties v. Carter*,

836 F.3d 722, 727–28 (7th Cir. 2016). This right is violated when the prisoner shows that they "suffered from an objectively serious medical condition," and that "the individual defendant was deliberately indifferent to that condition." *Id.* at 728. The *Gayton* case neatly summarizes the claim:

> [T]he plaintiff must show that: (1) [he] had an objectively serious medical condition; (2) the defendants knew of the condition and were deliberately indifferent to treating h[im]; and (3) this indifference caused h[im] some injury. An objectively serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.
>
> With regard to the deliberate indifference prong, the plaintiff must show that the official acted with the requisite culpable state of mind. This inquiry has two components. The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk. Evidence that the official acted negligently is insufficient to prove deliberate indifference. Rather, deliberate indifference is simply a synonym for intentional or reckless conduct, and that reckless describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. Simply put, an official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Even if a defendant recognizes the substantial risk, he is free from liability if he responded reasonably to the risk, even if the harm ultimately was not averted.

*Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (citations and quotations omitted). In sum, "deliberate indifference means actual, personal knowledge of a serious risk, coupled with the lack of any reasonable response to it." *Ayoubi v. Dart*, 724 F. App'x 470, 474 (7th Cir. 2018).

Plaintiff's allegations establish that Defendants did not violate his Eighth Amendment rights. First, the Court questions whether Plaintiff has presented plausible allegations to support a serious medical need. He does not allege any issue with his care after the August 2019 fall. Instead, his complaint is that his request for a low bunk restriction was ignored prior to the fall. This means that he would need to establish that his back issues constituted a serious medical need. He provides little support for such a conclusion, however. Having difficulty getting in and out of bed, and having back pain, are all too common issues. Further, the low bunk restriction Plaintiff previously obtained had expired before his transfer to FLCI, suggesting that the back issues may have been abating. Plaintiff fails to allege that there was any outstanding diagnosis by a medical professional stating that his back issues were serious.

Whether or not Plaintiff could prove that he had a serious medical need, his allegations definitively show that he cannot establish that Defendants had a culpable state of mind. At first, they noted that Plaintiff did not have a current low bunk restriction. When he attempted to obtain a new one, they processed his complaint and sent it to the appropriate committee. The committee determined that Plaintiff did not qualify for a low bunk restriction. This process occurred not once, but twice, prior to the fall.

The committee's consideration of Plaintiff's complaints defeats any inference that they were deliberately indifferent to his medical needs. In the words of *Ayoubi*, even if Defendants knew of a substantial risk that Plaintiff would fall from the top bunk due to his back issues, they engaged in a reasonable response to that risk. The fact that Plaintiff disagrees with their conclusion is no evidence of deliberate indifference. *Snipes v. DeTella*, 95

F.3d 586, 590–91 (7th Cir. 1996). The Court's view would be different if Defendants had simply ignored Plaintiff's complaints, but they did not; in each instance they evaluated the complaints and reached a conclusion regarding them. To the extent Plaintiff believes the committee's conclusion was wrong, in light of his complaints to staff and his medical history, he presents a claim for negligence. The Constitution does not exist to remedy negligent conduct. *Petties*, 836 F.3d at 728.

In light of the foregoing, the Court will dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #4) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee, $331.72, by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution

shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of October, 2019.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge